IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND KNIGHTEN, | : Civil Action No. 13- |
| DAWN WHITE, | JURY TRIAL DEMANDED |
| DEMETRIUS WHITE, and | : |
| NICOLE KNIGHTEN, | |
| On Behalf Of Her Minor Child | : |
| NICHOLAS KNIGHTEN, | |
|     Plaintiffs | : |
|        v. | |
| CITY OF PHILADELPHIA, | : |
| OFFICER THOMAS LICIARDELLO, | |
| BADGE NUMBER 4383, | : |
| OFFICER PERRY BETTS, | |
| BADGE NUMBER 6761, | : |
| OFFICER MICHAEL SPICER, | |
| BADGE NUMBER 5180, | : |
| OFFICER JOHN SPEISER, | |
| BADGE NUMBER 7169, | : |
| OFFICER BRIAN REYNOLDS, | |
| BADGE NUMBER 4268, | : |
| Individually and as police officers | |
| for the City of Philadelphia, | : |
| c/o Law Department | |
| 1515 Arch Street | : |
| Philadelphia, PA 19102, | |
|     Defendants | : |

## COMPLAINT
## I.  PRELIMINARY STATEMENT

1.  Plaintiffs bring this action under 42 U.S.C. §1983 seeking redress for the extraordinary misconduct of five Philadelphia police officers who used improper and unconstitutional means to secure search warrants by deception and misrepresentation, to forcibly enter private property, search persons and property, and subject citizens to unlawful arrest, unreasonable force and unlawful detention.  The actions and conduct of the defendant officers were the result of policies, practices, customs, and deliberate indifference on the part of defendant City of Philadelphia,

including the failure to take disciplinary and remedial action against the defendant officers and other Philadelphia police officers despite documented records of misconduct and abuses of authority.

## II.  JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §1983.  Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the aforementioned statutory provision.  Plaintiffs further invoke the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

## III.  PARTIES

3.  Plaintiff Nicole Knighten Floyd is an adult citizen of Philadelphia, Pennsylvania, who is the parent and guardian of plaintiff Nicholas Knighten, a minor.

4.  Plaintiffs Raymond Knighten, Dawn White and Demetrius White are adult residents of the Commonwealth of Pennsylvania.

5.  Plaintiffs Raymond Knighten, Dawn White, Demetrius White, Nicholas Knighten and Nicole Knighten were at all times relevant to this action in the Eastern District of Pennsylvania.

6.  Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants Liciardello, Betts, Spicer, Speiser and Reynolds.

7.  Defendants  Liciardello, Betts, Spicer, Speiser and Reynolds (hereinafter "the defendant officers") are police officers for the Philadelphia Police Department acting under color of state law.  The defendant officers are being sued in their individual capacities.

8.  At all relevant times, all defendants were acting in concert and conspiracy and their

2

actions deprived the plaintiffs of their constitutional and statutory rights.

9.  At all times relevant to this Complaint, all defendants acted under color of state law.

## IV.  FACTUAL ALLEGATIONS

10.  For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, and related misconduct.

11.  Defendant City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

12.  On or about December 5, 2011, the defendant officers secured a search warrant for the premises located at 2438 North Gratz Street in Philadelphia through the use of false and misleading representations in violation of the laws and Constitution of the United States and the Commonwealth of Pennsylvania.

13.  This search warrant was issued by a Philadelphia Bail Commissioner and was predicated on an affidavit of probable cause sworn to by defendant Michael Spicer.

14.  The affidavit of probable cause contained allegations that were false and the affiant and the other defendant officers knew or had reason to know of the falsity of these allegations.

15.  The misrepresentations contained in the affidavit of probable cause were material to the probable cause determination made by the judicial officer who authorized the search; indeed, without these allegations, the affidavit of probable cause contains no cause or reason to search the premises.

16.  The actions of defendant Spicer in submitting materially false information in an

3

affidavit of probable cause for a search warrant was part of a practice and custom of the defendant officers and other officers in the Philadelphia Police Department to secure search warrants based on false information.

17.  The defendant officers disregarded proper police practices regarding the use of search warrants and these actions led to the improper conduct in this case.

18.  On December 5, 2011, the plaintiffs, all of whom are related, were at 2438 North Gratz Street in Philadelphia.

19.  At that time and place, the defendant officers, who were not in uniform, forcibly entered 2438 North Gratz Street with weapons drawn.

20.  The defendant officers failed to properly identify themselves as law enforcement officers.

21.  Without cause or justification, the defendant officers pointed weapons at the plaintiffs, and the plaintiffs were grabbed and verbally abused by the defendant officers and detained at that location.

22.  Plaintiffs Raymond Knighten, Demetrius White and Nicholas Knighten were, without cause, roughly manhandled, assaulted and handcuffed by the defendant officers, causing physical injuries and emotional harms.

23.  Plaintiff Dawn White was, without cause, pushed onto a couch and detained for an extended period.

24.  Without cause of justification, the defendant officers subjected the minor plaintiff, Nicholas Knighten, to an invasive strip search in full view of his cousin, Dawn White, causing additional harms.

4

25.  The defendant officers, without cause or justification, detained all of the plaintiffs for an extended period, causing additional harms.

26.  The defendant officers, without cause or justification, searched the plaintiffs and the premises, causing damage to and the loss of their property.

27.  The defendant officers, acting in concert and conspiracy, caused the plaintiffs to be unlawfully searched, subjected to unreasonable force, prolonged detention and, in the case of the minor plaintiff, an intrusive strip search, by falsifying information in the search warrant affidavit, failing to disclose the fact that the information provided to the judicial officer in support of the search warrant was false and misleading, fabricating evidence to support the claim that the plaintiffs were involved in criminal activity, and failing to disclose other exculpatory evidence.

28.  Plaintiffs did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct which justified the actions of all defendants.

29.  The unlawful searches, use of force and detentions in this case were the direct result of all defendants' pattern, practice and custom of subjecting citizens such as the plaintiffs to search, force and detention in the absence of probable cause.

30.  The defendant officers acted wilfully, deliberately, maliciously or with reckless disregard of the plaintiffs' constitutional and statutory rights.

31.  As a direct and proximate result of the actions of all defendants, the plaintiffs suffered and continue to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

32.  All defendants engaged in the aforesaid conduct for the purpose of violating the

5

plaintiffs' constitutional rights by subjecting the plaintiffs to unlawful searches, unreasonable force and prolonged detention.

33.   The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers with respect to (a) their duty to provide only truthful information in securing search and arrest warrants, (b) their duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their duty to provide accurate and truthful information to the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions of other police officers, (g) the proper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

34.   Defendant City of Philadelphia has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case.

35.   The above described actions of all of the defendants caused the violations of the plaintiffs' rights under the Fourth and Fourteenth Amendment as alleged in this Complaint.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

36.  Plaintiff incorporates by reference paragraphs 1-35 of the instant Complaint.

37.  As a direct and proximate result of all defendants' conduct, committed under color of state law, the plaintiffs were deprived of the right to be free from unlawful detention, unlawful search and seizure, the unreasonable use of force, the right to be secure in ones' person and property and to due process of law.  As a result, the plaintiffs suffered and continue to suffer harm in violation of their rights under the laws and Constitution of the United States, in particular the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

38.  As a direct and proximate result of the acts of all defendants, the plaintiffs sustained injuries, emotional harm, loss of liberty and financial losses, all to their detriment and harm.

39.  Defendant City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a.  Unlawful detentions and unlawful arrests by police officers;

b.  The proper exercise of police powers, including but not limited to the use of false information to obtain search warrants, fabrication of evidence, unlawful arrest, malicious prosecution and unlawful detention;

c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.  Police officers' use of their status as police officers to employ the use of unlawful search and/or arrest, or to achieve ends not reasonably related to their police duties;

7

f.  Police officers' use of their status as police officers to employ the use of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related to police duties;

g.  The failure of police officers to follow established policies, procedures, directives and instructions regarding the securing of search warrants and the use of arrest powers under such circumstances as presented in this case;

h.  The refusal of police officers to intervene when other officers violate the rights of citizens in their presence;

i.  The failure to identify and take remedial or disciplinary action against units of officers assigned to narcotics investigations in light of repeated instances of misconduct over a period of many years as alleged in this Complaint; and

j.  The refusal of police officers to report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

40.  Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department who have engaged over a period of many years in systematic abuses of authority, including but not limited to: (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other police officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

41.  Defendant City of Philadelphia failed to properly sanction or discipline officers, who

8

are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by

other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police,

including the defendant officers in this case, to violate the rights of citizens such as the plaintiffs.

42.   Defendant City of Philadelphia is deliberately indifferent to the need to train,

supervise and discipline police officers.  The Internal Affairs Division (IAD) of the Philadelphia

Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes

meaningful disciplinary and remedial actions in the following respects:

a.   There are excessive and chronic delays in resolving disciplinary complaints;

b.   There is a lack of consistent, rational and meaningful disciplinary and remedial actions;

c.   There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.

d.   The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent;

e.   The PPD discipline, as practiced, is incident based rather than progressive.  Thus, repeat violators are not being penalized in proportion to the number of violations.

f.   The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations;

g.   A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant;

h.   There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;

i.   The PPD lacks an effective early warning system to identify, track and monitor "problem" officers.

j.   Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar

9

of an early warning system;

k.  Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions;

l.  Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and supervise the officers;

m.  IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct.  The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and

n.  IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

43.  Defendants have by the above described actions deprived the plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

**SECOND CAUSE OF ACTION**
**SUPPLEMENTAL STATE CLAIMS**

44.  Plaintiffs incorporate by reference paragraphs 1-43 of the instant Complaint.

45.  The acts and conduct of the defendant officers in this cause of action constitute assault and battery, false arrest/false imprisonment, negligent infliction of emotional distress, outrageous conduct causing emotional distress, defamation, and invasion of privacy – casting in false light under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

WHEREFORE, the plaintiffs request the following relief:

a.  Compensatory damages as to all defendants;

b.  Punitive damages as to the individual defendants;

c.  Reasonable attorney's fees and costs as to all defendants;

d.  Such other declaratory and further relief as appears reasonable and just; and

e.  A jury trial as to each defendant and as to each count.


  S/ Paul Messing             
Paul Messing
Attorney ID No. 17749
KAIRYS, RUDOVSKY, MESSING & FEINBERG
718 Arch Street, Suite 501S
Philadelphia, Pa. 19106
(215) 925-4400
Counsel for Plaintiffs